UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG EUGENE POOLE,<br><br>Plaintiff,<br><br>v.<br><br>JULIE ELIZABETH DEMBEK,<br><br>Defendant. | No. 2:18-cv-02152 JAM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff and defendant are each proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21). Plaintiff's First Amended Complaint ("FAC," ECF No. 6) is the operative complaint. Fed. R. Civ. P. 15(a)(1)(A). Before the court is defendant's motion to dismiss. ECF No. 8. Upon review of the FAC, the undersigned recommends defendant's motion be GRANTED and that this case be DISMISSED with prejudice.

**I.     BACKGROUND**

A. Procedural History

Plaintiff Greg Eugene Poole filed his complaint on August 7, 2018. ECF No. 1. The FAC was filed shortly thereafter, on August 16, 2018. ECF No. 6. Defendant filed a motion to dismiss on jurisdictional grounds and for failure to state a claim on August 28, 2018. ECF No. 8. Plaintiff opposes the motion. ECF No. 9. Plaintiff filed a "motion for writ of habeas corpus" on

1

September 5, 2018. ECF No. 11. Plaintiff filed a "notice of jurisdiction" on September 11, 2018. ECF No. 14. On September 17, 2018, defendant moved to strike plaintiff's unauthorized pleadings regarding jurisdiction. ECF No. 16.

### B. Allegations of the Complaint

Plaintiff brings suit against his ex-wife, who is a resident of Florida, alleging federal question and diversity jurisdiction. ECF No. 6 at 3. As a basis for federal question jurisdiction, plaintiff cites the Thirteenth Amendment's prohibition on involuntary servitude, the William Proxmire Act & State Sponsored Conspiracy to Kidnap, and United States Anti-Trust Laws. Id. Plaintiff does not specify the amount in controversy, but lists divorce fees of $30,000, the cost of his attorney at $5,000, and the cost of an appeal at $5,000. Id. at 4. Plaintiff asserts that he has to pay $900 per month in custody payments until his child turns 18. Id. He asserts that "No amount of money will give me back my health or the years of joy that my son and I should have shared." Id.

In his statement of claim, plaintiff asserts that child custody is a violation of the Thirteenth Amendment, and that he and his child have been denied a normal father-son relationship for the past 5 years due to the "forced relocation" of his son to Florida. Id. Plaintiff engages in a discussion of "The Statute of the ICC," in which he discusses crimes against humanity. Id. Plaintiff alleges that at one point his neighborhood was on fire and several homes were destroyed. Id. The following day, two detectives from Placer County came to his home to tell him that a citizen arrest of a Placer judge was not acceptable and would be responded to with criminal and civil action against him, and that a copy of his case had been sent to the Federal Bureau of Investigations. Id. at 6.

Plaintiff goes on to discuss California move-away laws, which he claims are based on fraudulent case law. Id. at 5. Plaintiff claims that California child custody policy constitutes "a crime against humanity." Id. Plaintiff asserts that "Forcible Transfers of Children is an abomination and an unholy sin against our children." Id.

Plaintiff seeks relief in the form of having his son returned to California, and custody turned over to himself during the school year. Id. at 5. He would allow the child's mother to see

him in the summers, as he must currently do.  Id.  Plaintiff seeks to have the FBI, Congress, and The Hague investigate the State of California and Placer County move-away laws.  Id.  Plaintiff further asks the U.S. Supreme Court to review his finding concerning the original intent of the Thirteenth Amendment.  Id. at 6.  Finally, plaintiff requests compensation by the State of California for time spent doing legal research, damages for lost time spent lawyering and not running his engineering company.  Plaintiff also recommends that the Federal Government encourage a class action lawsuit by parents and children who have been affected by Forcible Transfer Orders.  Id.

## II.    MOTION TO DISMISS

Defendant seeks to dismiss the FAC in its entirety for failure to state a claim against her, pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 8 at 1.  Defendant also moves to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  Id.  Defendant also references in the body of her motion lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Id. at 9.

### A.  Dismissal Pursuant to Rule 12(b)(1)

The complaint must be dismissed with prejudice because there is no federal jurisdiction over plaintiff's claims.  Despite plaintiff's numerous references to federal laws and constitutional provisions, it is abundantly clear that plaintiff's case is essentially an attempted appeal of a child custody decision.  See generally, ECF No. 6.  The Supreme Court has made very clear that an exception to federal diversity jurisdiction known as the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703–04 (1992).  The Supreme Court reasoned that "[a]s a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees.  Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by
////

3

state tribunals over the past century and a half in handling issues that arise in the granting of such decrees." Id.

Plaintiff's attempt to couch his child custody dispute as a violation of the Thirteenth Amendment or other federal laws cannot preserve jurisdiction in this case. The Thirteenth Amendment prohibits involuntary servitude in the vein of slavery. United States v. Kozminski, 487 U.S. 931, 945 (1988) ("we therefore give effect to congressional intent by construing 'involuntary servitude' in a way consistent with the understanding of the Thirteenth Amendment that prevailed at the time of § 1584's enactment."). Plaintiff's FAC does not allege any type of involuntary servitude. Likewise, plaintiff's reference to the "William Proxmire Act," which is officially known as the Genocide Convention Implementation Act of 1987, is irrelevant. This act is totally unrelated to plaintiff's claims. Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 739 (9th Cir. 2008) (noting the law "explicitly defined genocide as requiring 'the specific intent to destroy, in whole or in substantial part, a national, ethnic, racial or religious group as such'"). Finally, plaintiff fails to tie United States Anti-Trust laws to any of the facts of his case, and the court can discern no possible link. Plaintiff generally challenges the legality of the custody order for his son, and asks this court to restore custody to him. ECF No. 6 at 5. Citations to random federal laws cannot bring this case within the court's jurisdiction. Because there is no federal jurisdiction here, plaintiff's complaint must be dismissed with prejudice. Fed. R. Civ. P. 12(b)(1).

### B. Dismissal Pursuant to Rule 12(b)(6)

Plaintiff's case must likewise be dismissed because it states no claim against the defendant, and it is clear that no claim can be stated. "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v.

4

Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Here, plaintiff generally challenges the legality of his custody arrangement, but he makes not a single actual claim against the defendant herself. ECF No. 6. Because plaintiff brings no claims against the defendant herself, he fails to state a claim against her. Further, the allegations of the FAC make it clear that even if plaintiff were given leave to amend, he could not state a

claim against the defendant; the facts alleged are only that defendant and his son are subject to a custody agreement with which he is dissatisfied. Id. There is no basis for any federal claim against the defendant based on these facts, and thus amendment would be futile. Noll, 809 F.2d at 1148.

### III. CONCLUSION

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 8) be GRANTED and that this case be dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. All other pending motions should be denied as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE